IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BILL KILLINGSWORTH,**

      Petitioner,

vs.                                       NO. 09cv845 JB/WDS

**GEORGE TAPIA, Warden and
GARY K. KING, Attorney General of
the State of New Mexico,**

      Respondents

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Bill Killingsworth. Killingsworth is acting *pro se*. Respondents filed a response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The court makes the following findings and recommended disposition.

### CLAIMS

Killingsworth seeks relief on the following grounds:

1. Ineffective assistance of counsel, in that the public defender originally appointed to represent him

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

was replaced with an appointed private contract attorney a few days before trial.

2. His sentence amounts to cruel and unusual punishment, in that all offenses merged and were the result of one criminal impulse and therefore he has been subjected to double jeopardy.

3. The denial of a motion to elect filed by his counsel amounted to a denial of due process.

4. The jury instructions were incomplete and not consistent with statutes.

5. The New Mexico Department of Corrections deliberately destroyed his personal documents after the 1980 prison riots.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is incarcerated pursuant to a Judgment, Sentence and Commitment in the Second Judicial District Court, Bernalillo County Cause No. CR-28854-1977, entered on August 18, 1977. Petitioner was convicted of the following after a jury trial: Count One–Kidnaping; Count Two–Criminal Sexual Penetration (first degree); Count Three--Criminal Sexual Penetration (first degree); and Count Four–Attempted Criminal Sexual Penetration (first degree). Petitioner was sentenced to ten to fifty years on Count One, life in prison on Counts Two and Three, and ten to fifty years on Count Four. The sentences for Counts One and Two were concurrent. The sentences for Counts Three and Four were concurrent, but were to be served consecutively to the sentence for Counts One and Two.

Petitioner escaped from the Penitentiary of New Mexico on April 27, 1980 and remained at large as a fugitive for the next twenty-four years. When Petitioner attempted to obtain an ID card from the Alabama Department of Motor Vehicles, a NCIC search revealed an outstanding fugitive warrant and Petitioner was returned to custody in 2004.

Petitioner filed a Motion to Vacate, set Aside, or Correct a Sentence in state court on April

15, 2009.  The motion was denied on April 16, 2009.  On June 12, 2009 Petitioner filed a Motion to Amend Judgment and Sentencing.  That motion was denied on June 16, 2009[2].  No certiorari petition was filed with the state Supreme Court.  The instant petition followed.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies.  Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners.  28 U.S.C. §2244(d)(1).  The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] On August 1, 1977 Petitioner received two Life Imprisonment sentences after being convicted of two counts of Criminal Sexual Penetration (First Degree).  His motion to amend or correct his sentence invoked 40A-29-28 NMSA 1953 as amended, which changed the sentencing laws and made the penalty for a first degree felony ". . .not less than ten years nor more than twenty-five years. . ."  However, this amendment to the Criminal Sentencing Act did not go into effect until July 1, 1979.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). Since the direct review or the expiration of the time for direct review of Petitioner's conviction concluded long before the April 24, 1996 effective date of the AEDPA, Petitioner is entitled to a one-year "grace period." Petitioner's limitation period expired on April 23, 1997, one year from the effective date of the AEDPA.

On it's face, the Petitioner's September 1, 2009 habeas petition was filed far beyond the §2244 one year limitations period. However, §2244 also contains a provision that establishes a tolling period under certain circumstances. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner did not file a State habeas petition, or other application for collateral review, until April 15, 2009, well over ten years after the one-year AEDPA grace period had expired.

The Court is aware that Petitioner was an escapee between 1980 and 2004. Accordingly, the filing of a federal habeas petition in the twelve-month period following April 24, 1996 would have been unlikely. Petitioner has argued that the one-year limitations period of the AEDPA is tolled during the period that a prisoner has escaped. The Court is aware of no such authority for this proposition. In any event, Petitioner was returned to state custody for approximately five years before filing his petition for state relief.

The filing of a State habeas petition or other collateral review tolls the limitations period,

it does not restart the one-year clock. *McCall v. Wyo. AG*, 339 Fed. Appx. 848, 849 (10th Cir. 2009). Accordingly, the instant Petition is barred, since the one-year statute of limitations period expired on April 23, 1997. In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

## RECOMMENDED DISPOSITION

The Court recommends that Bill Killingsworth's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**