**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BILL KILLINGSWORTH,

      Petitioner,

vs.                                                                                           No. CIV 09-0845 JB/WDS

GEORGE TAPIA, Warden, and GARY
KING, Attorney General of the State of
New Mexico,

      Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 22, 2010 (Doc. 20)("PF&RD"); and (ii) the Petitioner's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 2, 2010 (Doc. 23).  The Court has conducted a de novo review of those portions of the Honorable W. Daniel Schneider, United States Magistrate Judge's PF&RD, to which Petitioner Bill Killingsworth objects, and finds that the objections lack a sound basis in law or fact.

Under a liberal reading of Killingsworth's objections, he objects only to Judge Schneider's finding that his Petition is not timely pursuant to 28 U.S.C. § 2244(d)(1)(B).[1]  The provisions of 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for federal habeas petitions to be filed.  The limitations period runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review
    or the expiration of the time for seeking such review;

---

[1] Killingsworth raised an impediment argument in his Reply to Respondents' Answer filed December 7, 2009.  See Doc. 17.  In his PF&RD, Judge Schneider found that 28 U.S.C. § 2244(d)(1)(B) does not apply to this case; however, he did not provide any analysis.

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Accordingly, under § 2244(d)(1)(B), the limitations period does not begin to run until the impediment that prevented an inmate from filing his application is removed. Killingsworth contends that, after the prison riot in early 1980, prison officials intentionally destroyed all of Killingsworth's legal documents and research. Killingsworth argues that this alleged impediment was removed in June 2009, after he was able to reconstruct his legal papers through filing a state habeas corpus petition in 2005 or 2006[2], and by filing his federal habeas petition.

      Killingsworth's argument lacks a sound basis in the law or in the facts of the case. 28 U.S.C. § 2244(d)(1)(B) applies only when a "state-created 'impediment' 'prevented' an inmate from filing his application." Garcia v. Hatch, 343 Fed. Appx. 316, 319 (10th Cir. 2009). An inmate must provide specific facts that demonstrate how the alleged impediment prevented him from filing a federal habeas petition. See Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002). See also Garcia v. Hatch, 343 Fed. Appx. at 319 (denying the petitioner's request for a certificate of appealability and stating that the petitioner had not provided with specificity the alleged lack of

---

[2] Although it is not determinative of the issue before the Court, the Court notes that the state-court case history does not indicate that Killingsworth ever filed a state habeas petition in 2005 or 2006. The only substantive filing that the case history indicates is a Motion to Vacate, Set Aside, or Correct a Sentence, which Killingsworth filed on April 15, 2009.

access and that he did not explain how the Legal Access Program hindered his ability to file a timely habeas petition); United States v. Martinez, 303 Fed. Appx. 590, 596 (10th Cir. 2008)(denying the petitioner's application for a certificate of appealability and stating that the petitioner did not provide the court with specific details regarding what restrictions were in place that impeded his access to legal materials or how such restrictions hindered his ability to file his petition); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(rejecting a § 2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity regarding the alleged lack of access).

Killingsworth does not provide the Court with specific facts about what documents prison officials allegedly destroyed and, further, does not provide specific facts as to how this alleged destruction prevented him from filing a timely application. See Miller v. Marr, 141 F.3d at 978 (putting on the petitioner the burden of providing "specificity regarding the alleged [impediment] and the steps [the petitioner] took to diligently pursue his federal claims" to justify applying § 2244(d)(1)(B)); Weibley v. Kaiser, 50 Fed. Appx. at 403 (approving a district court's denial of application of § 2244(d)(1)(B) where the petitioner "d[id] not allege specific facts that demonstrate how his alleged denial of these materials impeded his ability to file a federal habeas petition"). Moreover, the facts establish the contrary. Killingsworth alleges that it was not until he made certain filings with the courts that he was able to reconstruct his legal papers. If it is true that Killingsworth was able to sufficiently reconstruct his files to file this habeas petition, as he appears to contend, Killingsworth could have made his filings at any time and received the papers he alleges were necessary to pursue his case. It is through Killingsworth's lack of due diligence that his petition was not timely filed.[3] Accordingly, Killingsworth was not prevented from filing his federal

---

[3] Killingsworth alleges that prison officials destroyed certain documents in early 1980. Killingsworth's impediment to filing his application, however, was that he escaped from prison and

petition, and 28 U.S.C. § 2244(d)(1)(B) does not apply in this case.

The Court agrees with the Magistrate Judge's findings in the PF&RD that 28 U.S.C. § 2244(d)(1)(B) does not apply in this case,[4] and, therefore, the limitations period expired on April 23, 1997 -- one year from the effective date of the AEDPA.  Because Killingsworth did not file his application until September 1, 2009, his application is time-barred, and the Court will dismiss his case with prejudice.

**IT IS ORDERED** that: (i) Petitioner Bill Killingsworth's objections contained in Petitioner's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 23) are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 20) are adopted; (iii) Killingsworth's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied; and (iv) the case is dismissed with prejudice in a final judgment filed concurrently with this Order.

                                                                     _____
UNITED STATES DISTRICT JUDGE

---

was a fugitive from 1980 until 2004, and, upon his return, he continued to not exercise due diligence by waiting until 2009 to file his federal habeas petition.  While he did not need a habeas during that time and may not have been eligible for habeas relief, and even argues that this period could be tolled, he had plenty of time after 2004 to file his petition, but did not do so until 2009.  See Verikokidis v. Galetka, 42 Fed. Appx. 311, 312-13 (10th Cir. 2002)(denying equitable tolling to habeas petitioner's one-year statute of limitations where defendant's flight from authorities and fugitive status "contributed to the circumstances that he now claims have limited his ability to file a habeas petition in a timely manner").

[4] 28 U.S.C. § 2244(d)(1) reads, in pertinent part: "The [one-year] limitation period shall run from the latest of . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."

*Parties and counsel*:

Bill Killingsworth
Santa Fe, New Mexico

 *Petitioner pro se*

Gary K. King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Office of the Attorney General
Santa Fe, New Mexico

 *Attorneys for the Respondent*